J-S52007-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAVID D. MOFIELD, | : | |
| | : | |
| Appellant | : | No. 1994 EDA 2018 |

Appeal from the PCRA Order Entered June 14, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0015005-2013

BEFORE:  OTT, J., KUNSELMAN, J., and McLAUGHLIN, J.

MEMORANDUM BY OTT, J.:                    **FILED NOVEMBER 18, 2019**

David D. Mofield appeals, *pro se*, from the order entered June 14, 2018, in the Court of Common Pleas of Philadelphia County, denying him relief, without a hearing,[1] on his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq*.  Mofield's appointed counsel filed a **Finley** no-merit letter[2] with the PCRA court and was granted leave to withdraw as counsel.  Mofield filed a response to the Pa.R.Crim.P. 907 notice claiming his petition was timely because he has only recently discovered no direct appeal had been filed on his behalf.  The PCRA court agreed with counsel's assessment that the petition was wholly frivolous, specifically that the petition was untimely and none of the statutory timeliness exceptions were applicable.

---

[1] **See** Pa.R.Crim.P. 907.

[2] **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).  **See also Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988).

In this timely appeal, Mofield argues the PCRA court erred in finding his petition was untimely. After a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm.

Our standard of review for an order denying PCRA relief is well settled.

On review of orders denying PCRA relief, our standard is to determine whether the PCRA court's ruling is free of legal error and supported by the record.

*Commonwealth v. Miller*, 212 A.3d 1114, 1123 (Pa. Super. 2019) (citation omitted).

Additionally, regarding the timeliness of a PCRA petition, we note:

All PCRA petitions "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final...." 42 Pa.C.S. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, [i]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Chester*, 586 Pa. 468, 895 A.2d 520, 522 (2006) (citations omitted).

*Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

There are statutory exceptions to the one-year time limit; they are:

**b) Time for filing petition.—**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

We recite the factual and procedural history of this matter as related by the PCRA court in its Pa.R.A.P. 1925(a) opinion.

[Mofield] was arrested and charged with First Degree Murder and related charges, after he shot brothers Brian and Steven Sweet with a shotgun on August 19, 2013. Brian Sweet died from his gunshot wounds. On August 13, 2014, [Mofield] entered into an open guilty plea agreement before the Honorable Benjamin Lerner, wherein [Mofield ] pleaded guilty to Third Degree Murder and Possession of an Instrument of Crime (PIC). The Commonwealth agreed to drop the First Degree Murder charge and recommended a sentence of no more than 24 to 50 years['] state incarceration. Judge Lerner sentenced him to 20 to 40 years['] state incarceration on the third degree murder charge and no further penalty on the PIC charge. [Mofield] did not file any post-sentence motions nor did he file a direct appeal.

On January 23, 2018, [Mofield] filed his first *pro se* PCRA petition, alleging ineffective assistance of counsel "for not contesting the plea agreement." He further argued that "[Mofield] has a mental illness that prevented him from fully understanding everything that was going on." ([Mofield's] *pro se* PCRA petition, 1/23/18, p.3).

Stephen O'Hanlon, Esquire was appointed as PCRA counsel on April 26, 2018. On April 30, 2018, Mr. O'Hanlon filed a **_Finley_** letter, stating that he had reviewed [Mofield's] case and concluded that his petition was untimely without exception and that his ineffective assistance of counsel claims were without merit. On May 14, 2018, this Court sent [Mofield] a 907 Notice, indicating

- 3 -

that his petition would be dismissed pursuant to counsel's *Finley* letter  On June 8, 2018, [Mofield] replied to the 907 Notice, arguing that his petition should be considered timely because he allegedly did not learn that guilty plea counsel never filed a direct appeal until January 10, 2018.  [Mofield] also made additional claims that his sentence was illegal because his Recidivism Risk Reduction Incentive Eligibility was never discussed at the time of sentencing.

On June 14, 2018, this Court dismissed [Mofield's] PCRA Petition pursuant to counsel's *Finley* letter, finding that it was untimely without exception and that his underlying claims lacked merit.  On July 2, 2018, [Mofield] filed a Notice of Appeal to Superior Court.

PCRA Court Opinion, 10/18/2018, at 1-2.

As noted above, if a PCRA petition is untimely, without exception, there is no jurisdiction to consider the merits of the petition.  Statutorily, Mofield had one year from the date his sentence became final, specifically, until September 14, 2015, to file a timely PCRA petition.

Instantly, Mofield filed this PCRA petition on January 23, 2018.  Mofield's sentence became final on September 13, 2014, when the 30-day limit to file a direct appeal expired.  Accordingly, as noted, Mofield had until September 13, 2015, to file a timely PCRA petition.  This petition if facially untimely.  However, Mofield also claims the benefit of the unknown fact exception to the one-year filing requirement.  Specifically, he claims he was unaware until January 10, 2018, that plea counsel had failed to file a direct appeal on his behalf.  Mofield asserts he made this discovery after he made inquiry to the Public Defender's Office regarding the status of his appeal.

The PCRA court appropriately notes that even if the above is true, and for the purposes of this appeal we will accept it as true that Mofield did not

learn until January 2018 that no appeal had been filed, he made no showing, and did not even attempt to show, why it took him over two years past the one–year filing limit, to make that discovery. Section 9545(b)(1)(ii) grants a timeliness exception for the discovery of unknown facts, but only if those facts could not have been discovered with the exercise of due diligence. Here, Mofield made his discovery by contacting the Public Defender's Office. However, he offers no explanation why he could not have made the inquiry two years earlier. Because the fact was readily available upon simple request, he has not fulfilled the due diligence aspect of Section 9545(b)(a)(ii). This renders his petition untimely and neither this Court nor the PCRA court has any jurisdiction to address the merits of his claim.

Because the certified record supports the PCRA court's determination Mofield's PCRA petition is untimely, we affirm the order denying him relief.

Order affirmed.

Judge McLaughlin joins this memorandum.

Judge Kunselman concurs in the result.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/18/19

- 5 -